UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ALLEN BONE,
    Plaintiff,

vs.                                                                                        08-1307

ROGER WALKER, et. al.,
    Defendants.

## CASE MANAGEMENT AND SUMMARY JUDGEMENT ORDER

This cause is before the court for consideration of various motions including Defendant Benton and Walker's motion for summary judgement [d/e 34].

### I. BACKGROUND

The plaintiff, Allen Bone, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center. On December 2, 2008, the court conducted a merit review and found that the plaintiff had alleged that Defendant Illinois Department of Corrections Director Roger Walker, Inmate Officer Sherry Benton and Dr. John Doe were deliberately indifferent to his serious medical condition in violation of the eighth amendment. December 2, 2008 Court Order. The plaintiff alleged he was denied care for his "back, left leg and brain." (Comp., p. 6D). The John Doe defendant was later identified as Dr. Liping Chang. March 27, 2009 Text Order; May 7, 2009 Text Order.

Defendants Benton and Walker have now filed a motion for summary judgement claiming that the plaintiff has not exhausted his administrative remedies as required.

### II. FACTS.

The plaintiff did not directly respond to the defendant's statement of undisputed facts. The following facts are taken from the exhibits submitted by the defendants:

Defendant Sherry Benton says she is the Chairperson of the Office of Inmate Issues and prior to this position worked as the Chairperson of the Administrative Review Board (herein ARB). Benton says she was asked to search the records of the ARB for any grievances from 2006 to the present in which the plaintiff named Defendants Walker or Benton concerning a lack of medical care. Benton says there are no records of any grievances filed with the ARB or appealed to the ARB on this issue. (Def. Mot, Benton Aff, p. 2)

Defendant Benton says the plaintiff did send a letter addressed to Director Walker on

February 27, 2007.  Benton says correspondence sent to the Director was opened by his secretary and routed to the Office of Inmate Issues.   Benton says she returned the letter to the plaintiff with a response instructing him "to file a grievance or speak with the mental health staff." (Def. Mot, Benton Aff, p. 2).  Benton says the letter was not reviewed or received by Director Walker.

The plaintiff also appealed a grievance to the Office of Inmate Issues on March 28, 2008.  Benton says she responded on April 15, 2008 with a "Return of Grievance or Correspondence" form. (Def. Mot, Benton Aff. p. 2).   Although this grievance did not name either defendant, it did address the plaintiff's concerns about his medical care.  Benton told the plaintiff that he needed to first submit his grievance to the grievance officer and the Chief Administrative Officer, receive their responses  and then appeal if necessary to the Office of Inmate Issues.  The plaintiff was also advised to contact a psychologist concerning his claims of mental health problems.  (Def. Mot, Benton Aff. p. 2).   There were no further submissions to the ARB from the plaintiff.

### III. LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56c.  Any discrepancies in the factual record should be evaluated in the nonmovant's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).  The party moving for summary judgment must show the lack of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000).  A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added).  Personal knowledge may include inferences and opinions drawn from those facts.  *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991).  "But the inferences and opinions must be grounded in observation or other first-hand personal experience.  They must not be based on flights of fancy,

speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

## IV. ANALYSIS

Defendants Benton and Walker argue that the plaintiff failed to exhaust his administrative remedies before he filed his lawsuit. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v Zachary,* 255 F.3d 446, 450-51 (7th Cir. 2001). The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002)

> If an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo,* 286 F.3d at 1025.

The defendants have provided evidence that the plaintiff did not properly exhaust his remedies for his claim. The plaintiff argues that he did exhausted his administrative remedies. However, the only evidence submitted by the plaintiff is two letters addressed to Defendant Walker: one sent after he filed this lawsuit (Plain. Memo, Feb. 27, 2007 ltr; Nov. 9, 2009 ltr) and a another February 28, 2007 letter from the ARB informing the plaintiff that he must file a grievance. Instead of following the proper procedures, the plaintiff chose to file this lawsuit.

Since there is no evidence before this court that the plaintiff exhausted his administrative remedies for his claims against Defendants Walker and Benton, the court must dismiss the claims against these two defendants.

## VI.  REMAINING ISSUES AND MOTIONS

The plaintiff has one surviving claim that Defendant Zhang was deliberately indifferent to his serious medical condition. Defendant Zhang has filed a motion for summary judgement claiming the plaintiff cannot demonstrate that he was deliberately indifferent to his medical care.

Before the court addresses the merits of the plaintiff's claims, it must first be determined whether he fully exhausted his administrative remedies and whether counsel should be appointed to represent him. It does not appear from the record before this court that the plaintiff past this initial hurdle of exhaustion for his claim against any named defendant. Therefore, the court will dismiss Defendant Zhang's motion for summary judgement with leave to renew. [d/e 41] Instead, the defendant must file a motion addressing the issue of exhaustion of administrative remedies.

After the plaintiff clears this initial requirement, the court will reconsider appointment of counsel. The plaintiff has filed another motion for appointment of counsel and various other documents and motions making reference to his need to be represented by an attorney. [d/e 38, 44, 56]   For instance, the plaintiff has filed an "affidavit" that simply says he is on medication, can't understand documents, and needs an attorney. [d/e 44]

The plaintiff has filed a document entitled "Conspiracy in the Court Room" in which he says that the court has denied several of his motions and it should be obvious to the court that he does not understand the law. [d/e 38].   For example, the plaintiff says he made it clear to the court that he "wanted to name all john does in the above claim and this court replied that it wasn't time yet and when it was I could sue all tack team members." [d/e 38, p. 1]   The plaintiff also says he asked to add Lieutenant Todd to this case, but was told he could not because it was not a proper motion.

The court notes that the only claim before this court involves the plaintiff's allegation that Defendants Walker, Benton and Dr. Zhang were deliberately indifferent to his medical needs. The plaintiff is well aware of this fact since the claim was clearly stated in the court's December 2, 2008 Merit Review Order and the plaintiff recognized this fact in his response to the defendants' answer. [d/e 20].

The only Jane or John Doe in the plaintiff's initial complaint was Dr. Jane Doe who the plaintiff successfully identified [d/e 18] and this individual was added to the lawsuit.   There are no claims involving the actions of a tack team, nor has the plaintiff asked to add these individuals to his case. The plaintiff made mention of a tack team in a letter he wrote to the court claiming that a tape of a tack team encounter had been edited and he needed counsel to represent him. [d/e 25]   The plaintiff did not adequately explain, nor has he still explained how this tape is relevant to his claims. The court is also not aware of any motion from the plaintiff asking to add Lieutenant Todd to this case, nor does the plaintiff make reference to any specific filing.

The plaintiff continues to claim that he hears voices. [d/e 47]   The plaintiff has previously claimed that he was God and Allah was inside him and controlling him. [d/e 16].   The court still denied the motion the plaintiff's motion for appointment of counsel. The court noted that despite the plaintiff's claims, his filings to that point had been coherent and easy to understand. The

4

plaintiff is also an experienced litigator. *See Bone v. Walker,* Case No. 07-1353 in the Central District of Illinois; *Bone v. Wright,* Case No. 08-6939 and *Jordan v Peters,* Case No. 95-4163 (multi-plaintiff action) in the Northern District; and *Pinex v Kloth,* Case No. 92-446 (multi-plaintiff action that proceed to trial) in the Southern District. The plaintiff did not make reference to any specific medications or conditions or treatment. *See* May 8, 2009 Court Order. In addition, the plaintiff successfully identified his Jane Doe defendant.

The court will deny the plaintiff's additional motions for appointment of counsel, but will set the matter for hearing once the plaintiff has demonstrated that he has properly exhausted his administrative remedies.

The court notes the plaintiff has filed several additional motions on other issues. The plaintiff has filed motions asking for free copies of his medical records and grievances. For instance, the plaintiff says he has made multiple requests for his medical records, but the Illinois Department of Corrections refuses to provide him a copy. The plaintiff has provided a copy of a grievance addressing this issue and the response indicates that the plaintiff has not made a proper request for medical records and the plaintiff is not entitled to a free copy. [d/e 45] The plaintiff also asks for free copies of grievances, but does not specify which grievances he needs, nor what efforts he has made to obtain copies. [d/e 48]. The plaintiff must participate in the discovery process in order to obtain the documents he needs. The motions are denied. [d/e 45, 48]. However, the court will address the plaintiff's need for medical records when it considers appointment of counsel.

The plaintiff's other motions include asking the court to order the defendants to provide him with a copy of the State's Attorney's address. The plaintiff does not state how this request is relevant to his claims. [d/e 46] The motion is denied. The plaintiff also makes repeated requests for a polygraph test. [d/e 45, 47]. The test would not be admissible and therefore would not benefit the plaintiff. The motions are denied. The plaintiff has filed a motion for judgement on his behalf. [d/e 49] However, the motion provides no evidence to support judgement for the plaintiff and is denied. Finally, the plaintiff asks the court to order the defendants to provide him with adequate medical care. [d/e 47, 53] The court notes that based on medical records submitted to the court and the plaintiff's own motions, it appears the plaintiff is currently receiving medical care, although it apparently is not the care the plaintiff feels is appropriate. The motions are denied, but the plaintiff may renew his request when the court considers his motion for appointment of counsel.

Dr. Zhang must submit a motion addressing the issues of whether the plaintiff has exhausted his administrative remedies for the claims against him. The motion must be filed within 21 days. The plaintiff must file a response to this motion within 14 days after receipt. If the plaintiff demonstrates that he can pass this initial hurdle, the court will reconsider his motion for appointment of counsel.

**IT IS THEREFORE ORDERED that:**

**1) Defendants Benton and Walker's motion for summary judgement is granted. [d/e 34]. The clerk is to dismiss these two defendants. The plaintiff's sole surviving claim is that Dr. Zhang violated his Eighth Amendment rights when he was deliberately indifferent to his need for medical care for his "back, left leg and brain." (Comp., p. 6D)**

**2) Defendant Zhang's motion for summary judgement is denied with leave to renew. [d/e 41]   Dr. Zhang must first address the issue of whether the plaintiff exhausted his administrative remedies for the claim against him before the court can address the merits of the case. Dr. Zhang is to file a motion addressing this issue within 21 days. The plaintiff must file a response with 14 days.**

**3) The plaintiff's motion for appointment of counsel is denied. [d/e 56] However, the court will reconsider the plaintiff's motion after the court can determine that he has exhausted his administrative remedies.**

**4) The plaintiff's additional motions for discovery or polygraph test are denied. [d/e 45, 46, 47, 48]**

**5) The plaintiff's motion for judgment on his behalf is denied. [d/e 49]**

**6) The plaintiff's motions for adequate medical care are also denied with leave to renew. [d/e 47, 53]**

Entered this 15th day of September, 2010.

\s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE