UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ALLEN BONE,
    Plaintiff,

vs.                                                    08-1307

ROGER WALKER, et. al.,
    Defendants.

## CASE MANAGEMENT AND SUMMARY JUDGMENT ORDER #2

This cause is before the court for consideration of the Plaintiff's motion to reconsider the court's September 15, 2010 Summary Judgment Order [d/e 60], and Defendant Zhang's motion for summary judgment. [d/e 58]

### I. BACKGROUND

The Plaintiff, Allen Bone, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center. The Plaintiff alleged that Defendant Illinois Department of Corrections Director Roger Walker, Inmate Officer Sherry Benton and Dr. John Doe were deliberately indifferent to his serious medical condition in violation of the eighth amendment. December 2, 2008 Merit Review Order. The Plaintiff alleged he was denied care for his "back, left leg and brain." (Comp., p. 6D). The John Doe defendant was later identified as Dr. Liping Chang. *See* March 27, 2009 Text Order; May 7, 2009 Text Order.

On September 15, 2010, the court granted Defendants Benton and Walker's motion for summary judgment. The Plaintiff's sole surviving claim is that Dr. Chang violated his Eighth Amendment rights.

### II. MOTION TO RECONSIDER

The Plaintiff has filed a motion to reconsider the court's September 15, 2010 court order granting summary judgment for Defendants Benton and Walker. Reconsideration of an court order may be appropriate when the facts or law on which the decision was based change significantly after issuance of the order, or when the court has misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *Bank of Waunakee v Rochester Cheese Sales, Inc*., 906 F.2d 1185, 1191 (7th Cir. 1990). Motions to reconsider serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996).

The Plaintiff argues that both Defendants were personally involved in his Eighth Amendment claim because he sent a letter to Defendant Walker's office and Defendant Benton read his grievance. The court did not address the issue of whether either of these individuals was personally responsible for his claims. In the dispositive motion, the Defendants had first argued that the Plaintiff had not exhausted his administrative remedies as required before bringing his lawsuit. *See* 42 U.S.C. §1997e(a). The court had to consider this initial requirement before considering the merits of the Plaintiff's claims. The Defendants presented evidence that the Plaintiff had not completed the grievance process. The Plaintiff provided no evidence to rebut this claim, and has provided nothing new in his motion to reconsider. The motion to reconsider is therefore denied. [d/e 60].

The Plaintiff again states in his motion that it is not fair for the Defendants to have counsel while he represents himself. The Plaintiff also says he needs his medical file and additional information to prove that the Defendants were deliberately indifferent to his serious medical condition. As the court has explained, the Plaintiff has no constitutional or statutory right to appointment of counsel in this case. *See* December 2, 2008 Merit Review Order; May 8, 2009 Text Order; October 27, 2010 Text Order. The Plaintiff must pass the initial hurdle of exhaustion of administrative remedies before he can proceed with his case. The Plaintiff is an experienced litigator and the issue of exhaustion is not complex. *See Bone v. Walker,* Case No. 07-1353 in the Central District of Illinois; *Bone v. Wright,* Case No. 08-6939 and *Jordan v Peters,* Case No. 95-4163 (multi-plaintiff action) in the Northern District; and *Pinex v Kloth,* Case No. 92-446 (multi-plaintiff action that proceed to trial) in the Southern District. The court also notes that the Plaintiff successfully exhausted his administrative remedies in his previous lawsuit in the Central District of Illinois.

### III. MOTION FOR SUMMARY JUDGMENT

The court informed the Plaintiff that although he had filed a motion to reconsider the September 15, 2010 court order, he still had to file a response to Defendant Zhang's motion for summary judgment on the issue of exhaustion of administrative remedies. *See* October 27, 2010 Text Order. The Court gave the Plaintiff additional time to file a response, but the Plaintiff has chosen not to file anything further. Therefore, the motion will be considered without input from the Plaintiff.

A.  FACTS

The Illinois Department of Corrections has an established grievance process. See 20 Ill. Admin. Code §§ 504.800 *et seq.* An inmate is first required to speak with a counselor about the contested issue. 20 Ill. Admin. Code § 504.810(a). If the counselor does not resolve the problem, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id.* The grievance officer submits his recommendation to the Chief Administrative Officer who "shall advise the offender of the final decision in writing within two months after receipt of the written grievance, where reasonably feasible." 20 Ill. Admin. Code § 504.830(d). If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board within 30 days

after the date of the Chief Administrative Officer's decision. 20 Ill. Admin. Code § 504.850(a). The Director shall then review the findings and recommendations of the board and make a final determination within six month after receipt of the grievance. 20 Ill. Admin. Code § 504.850(f). When an inmate has received a copy of the Director's decision, the grievance procedure is complete.

Alternatively, an inmate can request that a grievance be handled on an emergency basis by submitting the grievance directly to the warden. 20 Ill. Admin. Code § 504.840. If the warden determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is to be handled on an emergency basis. 20 Ill. Admin. Code § 504.840. The process also provides: "If, after receiving the response of the [warden], the offender still feels that the problem, complaint, or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision." 20 Ill. Admin. Code § 504.850.

Sherry Benton says she is the Chairperson of the Office of Inmate Issues and prior to this position worked as the Chairperson of the Administrative Review Board (herein ARB). Benton says she was asked to search the records of the ARB for any grievances from 2006 to the present in which the Plaintiff named Defendant Dr. Liping Zhang or mentioned a denial of medical care. Benton says she found no such grievance. (Def. Mot, Benton Aff, p. 2)

Benton says the Plaintiff did send a letter addressed to Director Walker on February 27, 2007. The correspondence was opened by Walker's secretary and routed to the Office of Inmate Issues. Benton says she returned the letter to the Plaintiff with a response instructing him "to file a grievance or speak with the Mental Health Staff." (Def. Mot, Benton Aff, p. 3).

The Plaintiff also appealed a grievance complaining about his medical care to the Office of Inmate Issues on March 28, 2008. Benton says she responded on April 15, 2008 and told the Plaintiff that he had not followed the proper procedure. (Def. Mot, Benton Aff., p. 3) Benston instructed the Plaintiff to first submit his grievance to the grievance officer and the Chief Administrative Officer, obtain their responses and then appeal if necessary to the Office of Inmate Issues. The Plaintiff was also advised to contact a psychologist concerning his claims of mental health problems. (Def. Mot, Benton Aff. p. 2). There were no further submissions to the ARB from the Plaintiff.

B. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2000). "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

C.  ANALYSIS

Defendant Dr. Zhang argues that the Plaintiff failed to exhaust his administrative remedies for his Eighth Amendment claim that he was denied medical care before he filed his lawsuit. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v Zachary,* 255 F.3d 446, 450-51 (7th Cir. 2001). The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002)

> If an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo,* 286 F.3d at 1025.

The Defendant has provided evidence that the Plaintiff did not follow the proper procedure to exhaust his administrative remedies. Even after Sherry Benton explained what the Plaintiff needed to do before he submitted his grievance to the ARB, the Plaintiff took no further action, but instead chose to file this lawsuit. Therefore, the court must dismiss the Plaintiff's claims against Defendant Zhang.

**IT IS THEREFORE ORDERED that:**

**1) The Plaintiff's motion to reconsider the September 15, 2010 court order granting summary judgment for Defendants Benton and Walker is denied. [d/e 60]**

**2) Defendant Zhang's motion for summary judgment is granted pursuant to Fed. R. Civ. P. 56. [d/e 58] The clerk of the court is directed to enter judgment in favor of all Defendants in accordance with this order. The parties are to bear their own**

costs. This case is terminated.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the Plaintiff may also accumulate a strike under 28 U.S.C. 1915(g).

4) The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the Plaintiff's prison trust fund account if such funds are available. If the Plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the Plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.

5) The Plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such a change. Release from incarceration does not relieve the Plaintiff of his obligation to pay the filing fee in full.

6) The clerk is directed to mail a copy of this order to the Plaintiff's place of confinement, to the attention of the Trust Fund Office.

Entered this 16th day of May, 2011.

s/Michael M. Mihm
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE